IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

BARBARA ANN BARROW,

        Plaintiff

VS.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant

NO.  5:08-CV-349 (CWH)

SOCIAL SECURITY APPEAL

# O R D E R

      This is a review of a final decision of the Commissioner of Social Security denying plaintiff BARBARA ANN BARROW'S claim for benefits under the Social Security Act, 42 U.S.C. § 423. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

## PROCEDURAL HISTORY

      Plaintiff Barrow filed applications for disability insurance benefits and supplemental security income benefits on July 22, 2004, alleging disability since August 1, 2001, due to degenerative disc disease, degenerative joint disease, a history of carpal tunnel syndrome, obesity, anxiety and depression. (T - 49). Her claim was denied initially and upon reconsideration. (T - 26-27). Following a hearing, plaintiff's claim was denied by an ALJ, although the Appeals Council reversed and remanded the ALJ's decision on May 23, 2007. (T - 42-45). A second hearing was held before an ALJ in Macon, Georgia on November 15, 2007. (T - 572-611). Thereafter, in a hearing decision dated February 4, 2008, the ALJ determined that the plaintiff was not disabled. (T - 8-25). The Appeals Council denied review on September 25, 2008, making the February 2008, decision the final decision of the Commissioner. (T - 4-6).

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

Under the regulations, the Commissioner evaluates a disability claim by means of a five step sequential evaluation process. 20 C.F.R. § 404.1520. In Step One, the Commissioner determines whether the claimant is working. In Step Two, the Commissioner determines whether a claimant suffers from a severe impairment which significantly limits his ability to carry out basic work activities. At Step Three, the Commissioner evaluates whether the claimant's impairment(s) meet or equal a listed impairment in Appendix 1 of Part 404 of the regulations. At Step Four, the Commissioner determines whether the claimant's residual functional capacity will allow a return to past relevant work. Finally, at Step Five, the Commissioner determines whether the claimant's residual functional capacity, age, education, and work experience allow an adjustment to other work.

## DISCUSSION

Plaintiff Barrow argues that the ALJ improperly rejected the opinion of disability issued by her treating physician, Dr. Clyde Green, and erred in concluding that there are other jobs in the national economy which she remains capable of performing.

Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner." "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 404.1527(e)(1).

In general, the opinions of treating physicians are given substantial or considerable weight unless good cause is shown to the contrary. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). Good cause has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted). As the *Lewis* court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." *Id*.

In regard to Dr. Green's findings and conclusions, the ALJ determined that

> *[i]n reality, all of the various conclusions offered by Dr. Green are suspect. In essence, it appears that Dr. Green either acted simply as the claimant's scrivener, or confused the claimant with her sister. None of the profound limitations proposed by Dr. Green are consistent with the longitudinal evidence when viewed in its entirety, or even Dr. Green's own medical records. In the absence of other evidence, I decline to afford Dr. Green's views controlling weight.*

(T - 23).

The ALJ reviewed Dr. Green's various findings and diagnoses, including a subsequently rescinded breast and cervical cancer diagnosis, and noted that "none of the extreme limitations [regarding mental and physical restrictions] professed by Dr. Green are reflected anywhere in his medical records, or in any other doctor's medical records." (T - 22). In a May, 2005 response to interrogatories, Dr. Green opined that plaintiff Barrow was disabled because of severe neck, shoulder and arm pain, and that she suffered from herniated discs, muscle spasms, myalgia, breast and cervical cancers.[1] (T - 341-42). Dr. Green also issued various restrictions on plaintiff's ability to perform work-related functions, including lifting, pushing and pulling, and other aspects of manual dexterity. The ALJ adopted certain of these restrictions into his residual functional capacity assessment. His rejection of Dr. Green's more extreme assessments was supported by substantial evidence, as good cause was shown in the lack of objective medical support for these conclusions.

Plaintiff Barrow also claims that the ALJ erred in failing to find that her manipulative limitations prevented her from performing a significant number of jobs in the national economy. Specifically, the plaintiff contends that she is unable to perform the jobs identified by the Vocational Expert ("VE") due to her inability to handle and work with small objects with both hands, and that the Dictionary of Occupational Titles ("DOT") defines the jobs as requiring hand and finger manipulations which plaintiff is incapable of performing.

The VE identified three (3) jobs or job categories which the plaintiff could perform, based on the hypothetical individual posed by the ALJ, to wit, assembler of small products, bakery worker, and assembler or table worker. The ALJ described plaintiff's residual functional capacity as follows:

---

[1] The ALJ indicates in his decision that given an opportunity to support the cancer diagnoses with objective medical evidence, Dr. Green chose to retract these apparent diagnoses. (T - 17, 504).

4

> *an individual that is now 44 years old, soon to be 45 years old, and has a high school education and work experience identical to that of Ms. Barrow. . . . This individual can do the full range light work with the fine limitations . . . must rotate positions frequently . . . can do no more than occasional stooping or overhead reaching . . . no work requiring continual reaching with the non-dominant left arm . . . [and] can do no work requiring continual fine or gross manipulation. In other words, frequent fine and gross manipulation is permissible.*

(T - 597).

The VE concluded, based on this hypothetical, that the claimant could perform the three jobs of small products assembler, bakery worker, and table worker. (T - 598). As the Commissioner argues, in light of the presence of non-exertional limitations, the ALJ properly relied on the testimony of the VE. *See Syrock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985); *Swindle v. Sullivan*, 914 F.2d 222 (11th Cir. 1990) (application of the Grids is inappropriate when a claimant is incapable of performing the full range of work at a given exertional level or when a claimant suffers from severe non-exertional impairments that significantly impact his ability to perform basic work activities.).

In posing hypothetical questions to a VE, the ALJ must comprehensively describe a claimant's impairments. *Pendley v. Heckler*, 767 F.2d 1561, 1562 (11th Cir. 1985). "[T]he answer by a VE to a hypothetical question may be relied upon as substantial evidence by an ALJ so long as the question takes into account the claimant's precise condition and limitations." *Holley v. Chater*, 931 F. Supp. 840, 851 (S.D.Fla. 1996). The hypothetical posed to the VE herein adequately described plaintiff's limitations regarding fine and gross manipulation, and limited her to work that did not require continual reaching or fine/gross manipulation. This hypothetical and the VE's response adequately encompass plaintiff's limitations and the requirements of the identified jobs, none of which require more than frequent reaching, handling or fingering, according to the DOT listings. Plaintiff offers no support for the position that she is completely incapable of all finger and hand manipulation(s).

The Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards. For the foregoing reasons, **IT IS ORDERED** that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).

SO ORDERED AND DIRECTED, this 23rd day of MARCH, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE